CLARENCE SQUIRES v. STATE

No. A-2574. Opinion Filed July 11, 1916.

(157 Pac. 1028.)

Appeal from the County Court of Pottawatomie County; Hal Johnson, Judge.

Clarence Squires, was convicted of violating the prohibitory law, and appeals. Affirmed.

W. F. Durham, for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Clarence Squires, was convicted on a charge of unlawfully conveying eight quarts of whisky and was sentenced to be confined for a period of sixty days in the county jail and to pay a fine of one hundred and fifty dollars and costs. From the judgment entered, an appeal was taken by filing in this court on November 10, 1915, a petition in error with case-made.

The evidence for the state shows that the defendant carried a sack containing eight quarts of whisky from a negro dance hall in the south part of the city of Shawnee to a point on the street as alleged in the information.

The sufficiency of the evidence to sustain the verdict is the only question presented.

Upon a careful examination of the evidence we are not convinced that it is insufficient to sustain the verdict. The judgment appealed from is therefore affirmed. Mandate forthwith.

---

ANSON v. STATE

No. A-1920. Opinion Filed October 3, 1914.

(152 Pac. 1197.)

Appeal from County Court, Custer County; J. C. McKnight, Judge.

I. V. Anson was convicted of violating the medical practices act, and appeals. Affirmed.

Carlisle & Edwards, of Oklahoma City, for plaintiff in error.

W. C. Reeves, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, I. V. Anson, was convicted at the January, 1913, term of the county court of Custer county on a charge of violating the medical practices act, and his punishment fixed at a fine of $50 and costs. Upon motion of counsel for plaintiff in error this cause was consolidated with case No. A-1770, Ex parte Ambler, 148 Pac. 1061. The opinion in the Ambler Case was handed down at the present term of court. For the reasons given in that opinion, the judgment of the trial court in the case at bar is affirmed. Mandate ordered forthwith.